CLD-042                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2111
_____

SHANE HOLLOWAY,
                                    Appellant

v.

JOHN WETZEL; LEE ESTOCK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00407)
District Judge:  Honorable Robert J. Colville
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2022

Before: GREENAWAY, JR., MATEY, and FREEMAN, Circuit Judges

(Opinion filed:  February 7, 2023)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Shane Holloway, an inmate at Pine Grove State Correctional Institution proceeding pro se and in forma pauperis, appeals from the District Court's order adopting the Report and Recommendation ("R & R") of a Magistrate Judge, which recommended that defendants' motion to dismiss be granted. We will summarily affirm.

Holloway filed an in forma pauperis complaint in July 2021 against two correctional officials. He sought injunctive, declaratory, compensatory, and punitive relief. Dkt. No. 16 at 3. Holloway alleged that the defendants violated the Eighth Amendment by activating and then failing to remove the five-flush-per-hour limit on the toilet in his cell. Dkt. No. 16 at 2-3.

The defendants moved to dismiss for failure to state a claim. Dkt. No. 28. A Magistrate Judge recommended granting the motion to dismiss and dismissing Holloway's complaint with prejudice. Dkt. No. 39. The District Court, over Holloway's objections, entered an order adopting the Magistrate Judge's R & R in its entirety and granted the defendants' motion to dismiss. Dkt. No. 51. Holloway filed this timely appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order dismissing the complaint. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210,

_____

[1] Holloway also presents a motion for appointment of counsel on appeal.

218 (3d Cir. 2015). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court correctly concluded that Holloway failed to allege any facts to constitute a constitutional violation. Holloway's allegations regarding the hourly flush limit on his cell's toilet, the accompanying odor, and the effects on him do not rise to the level of severity required to show a violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (explaining that "the Constitution does not mandate comfortable prisons" and that prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care") (internal quotation marks and citation omitted); Thomas v. Tice, 948 F.3d 133, 139 (3d Cir. 2020) (explaining that although confinement in a cell without running water for four days was "unpleasant and often unsanitary," it did not violate the Eighth Amendment so long as the condition was "not foul or inhuman" and "supported by some penological justification"). In this case, the presence of feces in the toilet before the hourly flushing reset created seemingly unpleasant conditions, but the limit on flushing (which was explained to Holloway through the grievance process as a penological cost-saving measure used in every cell in the unit, Dkt. No. 16-1 at 4, 6) did not constitute unconstitutional conditions. To the extent that Holloway alleged the policy was detrimental to his health, Dkt. No. 16 at 2, he did not allege it caused or exacerbated any serious medical condition, see Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011) (explaining that a prisoner's "vague assertions

3

and self-diagnoses" of serious medical needs were inadequate bases for his Eighth Amendment claim).

Lastly, the District Court did not abuse its discretion in concluding that amendment was futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir 2002).

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] Holloway's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).